# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ROXANNE KING; and STACY GRADY, individually and as next friend of her three minor children,

      Plaintiffs,

v.

PARKER MARCY, et al.,

      Defendants.

CIVIL ACTION NO.: 2:17-cv-112

## **O R D E R**

This matter is before the Court on Plaintiffs' Motion to Strike and Entry of Default, (doc. 47), and Motions to Dismiss filed by the following Defendants: Richard Leska, Resden Talbert, Ronald Cooper, and Christopher Lowther, (doc. 24); Eric Butler, (doc. 33); and Clayton Palmer, (doc. 42). These Defendants move for dismissal based on Plaintiffs' failure to abide by the procedures set out in Federal Rule of Civil Procedure 4 for service of process. The Court finds that Plaintiffs have not fully complied with Rule 4 but, for the reasons set forth below, the Court nonetheless **DENIES** Defendants Leska, Talbert, Cooper, and Lowther's Motion, (doc. 24), **DENIES** Defendant Butler's Motion, (doc. 33), and **DENIES** Defendant Palmer's Motion, (doc. 42). The Court also **DENIES** Plaintiffs' Motion to Strike and Entry of Default, (doc. 47). The Court further **ORDERS** additional actions specific to Plaintiffs' counsel as outlined in the Conclusion section at the end of this Order.

## BACKGROUND

On September 18, 2017, Plaintiff Roxanne King filed this cause of action pursuant to 42 U.S.C. § 1983 alleging injury from a December 15, 2015 arrest effectuated by Defendant Marcy and fourteen other officers who were identified in the Complaint as John Does 1–10 and Jane Does 1–4. (Doc. 1.) Defendant Marcy filed an Answer on November 7, 2017. (Doc. 5.) Upon motion by Plaintiff King, the Court subsequently ordered that Stacy Grady be added as a Plaintiff. (Docs. 6, 9.) The Court also granted Plaintiffs' request to substitute the following fourteen individuals in place of the John and Jane Doe Defendants: "David Hassler, Garret Wright, D. J. Walker, David Haney, Corey Sasser, Officer ____ Cooper, Officer ____ Butler, Officer ____ Stagner, Officer ____ Hollingsworth, Officer ____ Arnold, Officer ____ Leska, Officer C. Palmer, Officer C. Lowther, and Investigator Resnick Talbert." (Docs. 7, 9.) The Clerk of Court issued summons for each substituted Defendant on the day they were added as parties, February 1, 2018. (Doc. 11.) Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs had until May 2, 2018 to serve the substituted Defendants.[1]

Defendants Hassler, Sasser, Wright, and Talbert acknowledged service on May 1, 2018. (Docs. 13, 14, 15, 16.) On May 2, 2018—the original deadline for service—Defendants Lowther and Cooper were served personally, (docs. 27, 28), Plaintiffs emailed a copy of the summons and Complaint to Defendant Leska, (doc. 24-1), and Plaintiffs filed a motion requesting additional time to serve all Defendants who had not yet been served, (doc. 18). Defendant Haney was served personally the following day, May 3. (Doc. 29.) On May 9, 2018, the Court granted

---

[1] Federal Rule of Civil Procedure Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, a new 90-day deadline begins where, as here, a plaintiff amends a complaint to substitute or add a defendant. See Lee v. Airgas Mid-South, Inc., 793 F.3d 894, 898 (8th Cir. 2015) (citations omitted).

Plaintiffs' request for an extension, and the deadline for service was extended thirty (30) days, making the new deadline June 8, 2018. (Doc. 19.) The Court also ordered Plaintiffs to specifically show cause in the event they failed to serve any of the remaining Defendants within the extended period. (Id.) On June 6, 2018, service was attempted on Defendants Butler and Walker. (Docs. 30, 31.) While Defendant Walker was served personally, (doc. 31), Defendant Butler was not; a process server left a copy of the summons and Complaint with Lieutenant Jeremiah Bergquist at Defendant Butler's place of business, the Glynn County Police Department, (doc. 30).

As of June 7, 2018, one day prior to the expiration of the extended service period, Plaintiffs had not attempted service on four Defendants: Palmer, Hollingsworth, Stagner, and Arnold. On June 8, 2018, Plaintiffs filed a motion requesting additional time to serve Defendants Hollingsworth, Stagner, and Arnold. (Doc. 32.) The Court granted this request on July 9, 2018, and a new deadline as to these three Defendants was set for September 7, 2018. (Doc. 37.) Plaintiffs did not request additional time to serve Defendant Palmer, but he was nonetheless served personally on August 13, 2018. (Doc. 32.) Defendants Hollingsworth, Stagner, and Arnold acknowledged service on August 14, 2018. (Doc. 38.)

Defendants Lowther, Cooper, Leska, and Talbert filed a joint Motion to Dismiss on May 22, 2018, averring that Plaintiffs failed to comply with the requirements of Federal Rule of Civil Procedure 4. (Doc. 24.) These Defendants argue that dismissal of the claims against them is proper because Plaintiffs did not adequately "name all parties" as required by Rule 4(a)(1)(A). (Id. at pp. 3–7.) Specifically, they contend that Plaintiffs' failure to identify the first names of Defendants Leska, Cooper, and Lowther, and Plaintiffs' misspelling of Defendant Talbert's first name entitle them to dismissal. (Id.) As an additional ground for relief, Defendant Leska argues

the claims against him must be dismissed because Plaintiffs did not serve him in a manner permitted under Rule 4. (Id. at p. 5.)

Defendant Butler filed a separate Motion to Dismiss on June 14, 2018, also alleging Rule 4 service deficiencies. (Doc. 33.) First, Defendant Butler argues the claims against him should be dismissed because he was never served. (Id. at p. 3.) As noted above, Plaintiffs' process server did not serve Defendant Butler personally; Lieutenant Bergquist was served at Defendant Butler's place of business, the Glynn County Police Department. (Id. at pp. 3–7.) Although the Proof of Service indicates that Lieutenant Bergquist was "designated by law to accept service of process on behalf of [the] Glynn County Police Department," (doc. 30), Defendant Butler argues that this designation does not prove the lieutenant was authorized to accept service on *his* behalf. (Doc. 33, p. 4.) Additionally, Defendant Butler argues Plaintiffs' failure to include his first name constitutes a failure to sufficiently identify him under Rule 4(a)(1)(A). (Id. at p. 5.) Because Plaintiffs did not serve him in a manner permitted by Rule 4 and did not identify his full name in the pleadings, Defendant Butler urges the Court to dismiss the claims against him. (Id. at p. 2.)

The third Motion to Dismiss for insufficient service was filed by Defendant Palmer on September 10, 2018. (Doc. 42.) Defendant Palmer contends that Plaintiffs failed to serve him in a timely manner as required by Rule 4(m) and the Court should accordingly dismiss the claims against him on this basis. (Id.) Plaintiffs did not serve Defendant Palmer until August 13, 2018—194 days after he was added to this action and 67 days after the extended deadline for service (June 8, 2018). (Id. at p. 3.) Despite having done so for other Defendants who were not served by June 8, 2018, Plaintiffs did not request an additional extension of time to serve Defendant Palmer nor did they show good cause for their failure to timely serve him. (Id.)

Defendant Palmer argues that these circumstances merit the dismissal of Plaintiffs' claims against him. (Id.)

The other named defendants—Defendants Marcy, Hassler, Sasser, Wright, Haney, Walker, Arnold, Hollingsworth and Stagner—do not contest the sufficiency of service or service of process upon them.

Finally, Plaintiffs filed a Motion to Strike and Motion for Default Judgment on October 5, 2018. (Doc. 47.) Plaintiffs maintain that Defendant Palmer's Motion to Dismiss was untimely under Federal Rule of Civil Procedure 12 and urge that his Answer should be stricken, and a default judgment should be entered against him. (Id.)

## DISCUSSION

The moving Defendants aver that dismissal is warranted under Federal Rule of Civil Procedure 12 for failure to perfect service in accordance with Rule 4, which "requires a plaintiff to serve each defendant with a copy of both the summons and the complaint" and specifies the proper manners and methods for doing so. Cooley v. Ocwen Loan Servicing, LLC, 729 Fed. App'x 677, 682 (11th Cir. 2018) (per curiam). Because service of process is a jurisdictional requirement, the Court lacks personal jurisdiction over a defendant who has not been properly served. See Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). Where a plaintiff attempts to serve a defendant and the validity of such service is contested, "the standards of proof governing motions to dismiss for lack of personal jurisdiction are applicable." Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (per curiam) (citations omitted). "As with a challenge to jurisdiction . . . the party on whose behalf service is made has

the burden of establishing its validity." Familia De Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1138 (5th Cir. 1980) (citations omitted).[2]

Defendants collectively put forth four theories to support their contention that the Court lacks personal jurisdiction over them due to inadequate service of process. (Docs. 24, 33.) First, Defendants Lowther, Cooper, Leska, Talbert, and Butler allege that Plaintiffs failed to adequately name or identify them as parties as required by Rule 4(a)(1)(A). (Doc. 24, pp. 3–4; Doc. 33, p. 5.) Second, Defendant Leska points to Plaintiffs' attempt to serve him via email and argues this is not a method of service permitted under Rule 4(e)(2) or Georgia law. (Doc. 24, p. 5.) Next, Defendant Butler claims he was never served because the summons and Complaint were neither served on him personally nor were they served on an agent authorized to receive service of process on his behalf. (Doc. 33, p. 5.) Finally, Defendant Palmer points to Plaintiffs' failure to serve him within the initial 90-day period provided by Rule 4(m) or the initial extension thereof, as well as Plaintiffs' failure to show cause and "obtain a further extension of time." (Doc. 42, p. 3.) Each theory will be addressed in turn.

In their Motion to Strike and Motion for Default Judgment, Plaintiffs argue that Defendant Palmer's Motion to Dismiss was improper under Federal Rule of Civil Procedure 12. (Doc. 47.) Defendant Palmer filed his Motion to Dismiss, (doc. 42), and Answer, (doc. 43), on September 10, which was 28 days after Plaintiffs' untimely service upon him. Plaintiffs aver that Defendant Palmer's Motion and Answer were not timely because, under Federal Rule of Civil Procedure 12, he was required to answer or file a motion to dismiss (pursuant to subsection (b) of Rule 12) within 21 days of service. (Doc. 47.) As such, Plaintiffs urge that his Answer

---

[2] Decisions of the former Fifth Circuit issued prior the close of business on September 30, 1981, constitute binding precedent in this Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

6

should be stricken, and a default judgment should be entered against him. (Id.) This Motion is addressed in Section V, below.

I.  **Whether Defendants Lowther, Cooper, Leska, Talbert, and Butler Were Properly Named Under Rule 4(a)(1)(A)**

Defendants Lowther, Cooper, Leska, Talbert, and Butler argue that omissions and spelling errors contained in their summonses and the Amended Complaint failed to adequately identify them as parties, violating Rule 4(a)(1)(A). (Doc. 24, pp. 3–4; Doc. 33, p. 5.) Specifically, the summonses (and the Amended Complaint): did not contain the first names of Defendants Leska, Cooper, and Butler; only provided the initial "C." in lieu of Defendant Lowther's first name; and misspelled Defendant Talbert's first name. (Id.; doc. 8.)

While Rule 4(a)(1)(A) provides that a summons must include the names of the parties, a court will not deem service of process legally defective simply because the complaint or the summons misname a defendant in some insignificant way. See Mcgee v. Cook, No. 8:09-CV-2543-T-27TGW, 2011 WL 1365024, at *1 (M.D. Fla. Apr. 11, 2011) (citing Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 244 (4th Cir. 1999)). Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Sanderford v. Prudential Ins. Co. of America, 902 F.2d 897, 900 (11th Cir. 1990) (quoting United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984) and citing 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 at 10 (1987)). Consequently, a mere technical defect on the face of the summons will not justify dismissal unless a defendant shows that he was prejudiced by the error; a defendant "should not be permitted to take advantage of a mere misnomer that injured no one." Grandey v. Pacific Indem. Co., 217 F.2d 27, 29 (5th Cir. 1954); see also Sanderford, 902 F.2d at 900–01 (noting that "[e]ven if the summons fails" to adequately name defendants, "dismissal is generally

not justified absent a showing of prejudice") (citations omitted). Additionally, there is a "well-recognized distinction between [suing] the wrong party, and [suing] the right party by the wrong name." Roberts v. Michaels, 219 F.3d 775, 777–78 (8th Cir. 2000).

Here, Defendants Lowther, Cooper, Leska, Talbert, and Butler essentially claim the latter and do not allege that Plaintiffs intended to sue any persons other than the named parties to this action. The record before the Court shows that service was not rendered invalid by the omission or misspelling of these Defendants' names. No confusion exists as to Plaintiffs' intended adversaries and Defendants Lowther, Cooper, Leska, Talbert and Butler have not shown (and do not allege) prejudice caused by these technical shortcomings and errors. As explained by the Fourth Circuit Court of Appeals,

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947). Accordingly, the Court finds that, because the summonses satisfied Rule 4(a)(1)(A), dismissal is not warranted under this theory.

However, the Court observes that, despite knowing the names of all of the Defendants, Plaintiffs have failed to supplement or amend their pleadings to reflect the full and/or accurate names of the parties to this action. The Court therefore **ORDERS** Plaintiffs to file, **within seven (7) days** of this Order, a comprehensive operative complaint entitled "Plaintiffs' Amended Complaint." Plaintiffs' Amended Complaint should be comprised of, and should therefore set forth, verbatim, paragraphs 1 through 10 of the original Complaint, (doc. 1), and paragraph 11 from Plaintiffs' Supplemental Complaint, (doc. 8), **except that** Plaintiffs shall identify each

Defendant in paragraph 11 by their full names. In drafting this Amended Complaint, Plaintiffs **SHALL NOT** make any additions, modifications or other amendments other than those explicitly ordered herein. This is not an opportunity for Plaintiffs to assert new claims or name new defendants. Rather, it is an opportunity to clearly state, in one pleading, the claims that they have already asserted against the defendants they have already named. Defendants who have already filed an Answer in this case may, but are not required to, file answers within **twenty-one (21) days** of Plaintiffs' date of filing. See SPE GO Holdings, Inc. v. Anzo, No. 2:10-CV-00215-WCO, 2012 WL 13018489, at *1 (N.D. Ga. July 27, 2012) (defendant not required to file a new answer where amended complaint did not contain any substantive changes). As to those Defendants who have not yet filed an Answer, they shall file an Answer or other responsive pleading within **twenty-one (21)** days of service of Plaintiffs' Amended Complaint.

## II.     Whether the Service of Defendants Leska and Butler was Proper Under Rule 4(e)

If a defendant resides in the United States, service of process is governed by Federal Rule of Civil Procedure 4(e). Rule 4(e)(1) permits a plaintiff to carry out service in a way that complies with the law of either the state in which the federal district court sits, or the state in which the plaintiff attempted to serve the defendant. Here, under either option, that state is Georgia. Georgia's statute governing service of process for individuals mirrors the methods laid out in Rule 4(e)(2), which provides that a plaintiff can serve the defendant by: delivering a copy of the summons and complaint to the defendant personally; leaving the copies at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who lives there; or delivering copies to an agent authorized by appointment or by law to receive service of process. See Fed. R. Civ. P. 4(e)(2); O.C.G.A. § 9-11-4(e)(7).

In this case, Plaintiffs' counsel attempted to serve Defendant Leska via electronic mail—a method clearly not authorized by the Federal Rules or Georgia law. (Doc. 24-1.) See Johnson v. Wellborn, 418 F. App'x 809 (11th Cir. 2011) (per curiam) (Rule 4 does not permit service by email); Gormong v. Cleveland Elec. Co. of Georgia, Inc., 349 S.E.2d 500, 501 (Ga. Ct. App. 1986) (O.C.G.A. § 9-11-4(e) does not permit service by mail); see also Cooley, 729 F. App'x at 682 ("Georgia law, like the federal rules, requires in-person service and makes no provision for service by mail." (citing O.C.G.A. § 9-11-4(e)(7)). Because the record does not contain evidence demonstrating that Plaintiffs attempted to serve Defendant Leska in any other manner, the Court finds that Defendant Leska was not properly served.

Plaintiffs' attempt to serve Defendant Butler through Lieutenant Bergquist was similarly improper. When serving a defendant through an agent, the agent must be "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C); O.C.G.A. § 9-11-4(e)(7). Defendant Butler maintains that Lieutenant Bergquist did not have such authorization. (Doc. 33, p. 4.) The Court agrees; neither the Federal rules nor Georgia law contemplate "leaving a copy [of the summons and complaint] at [an] individual's usual place of business or with the individual's employer." Melton v. Wiley, 262 F. App'x 921, 923 (11th Cir. 2008) (per curiam); see also Commercial Union Ins. Co. v. Gibson, 437 S.E.2d 808, 808 (Ga. Ct. App. 1993) (the term "agent" applies only "to agents that have some sort of controlling authority and are vested with authority to create obligations on behalf of their principal"). Plaintiffs argue that service is presumptively proper because Defendant Butler "has not come forward with any evidence that Lieutenant Bergquist was *not* his agent for service of process," (doc. 35, p. 1 (emphasis added)), but this assertion misstates where the burden lies. As noted above, it is Plaintiffs who must prove the validity of service where, as here, a challenge has been made by

Defendant. See Familia De Boom, 629 F.2d at 1138. According to Defendant Butler, Lieutenant Bergquist was not authorized to accept service on his behalf, and Plaintiffs have not provided evidence to the contrary. (Doc. 33, p. 4.) Accordingly, the Court finds that Defendant Butler was not properly served.

**III.     Whether Plaintiffs Timely Served Defendant Palmer**

Defendant Palmer urges the Court to dismiss the claims against him because Plaintiff failed to serve him within the initial 90-day period provided by Federal Rule of Civil Procedure 4(m) or during the extended period granted by the Court. (Doc. 42). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Here, the original 90-day deadline for service expired on May 2, 2018 but was extended to June 8, 2018. (Doc. 19.) Defendant Palmer was served on August 13, 2018, or 194 days after he was added to this action and 67 days after the extended deadline for service expired. (Doc. 42, p. 3.) Despite having done so for other Defendants, Plaintiffs did not request an extension of time to serve Defendant Palmer, much less endeavor to show cause for failing to do so by June 8, 2018. (See Doc. 32.) It is clear, therefore, that Defendant Palmer was not served in accordance with Rule 4(m).

**IV.     Whether to Dismiss the Claims Against Defendants Leska, Butler, and Palmer**

Having found that Plaintiffs failed to properly serve Defendants Leska, Butler, and Palmer, the Court now must determine whether dismissal of these Defendants is appropriate. As noted above, Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss

the action without prejudice against that defendant or order that service be made within a specified time." A plaintiff may request an extension of time for service of process upon the showing of good cause, but even in the absence of such a showing, the Court "must still consider whether any other circumstances warrant an extension of time." Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1282 (11th Cir. 2007) (citing Fed. R. Civ. P. 4(m)). "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

As discussed previously, the original deadline for service on Defendants Leska, Butler and Palmer was May 2, 2018. On that same date, Plaintiffs emailed a copy of the summons and Complaint to Defendant Leska *and* asked the Court for an extension of time to serve all Defendants who had not yet been served. The Court granted the extension one week later, giving Plaintiffs until June 8, 2018 to properly serve any and all remaining Defendants, but "caution[ed] Plaintiffs that they must serve Defendants within this extension period or the Court may dismiss this case." (Doc. 19, p. 2.) On May 22, Defendant Leska filed his Motion to Dismiss, raising the issue of insufficient service. (Doc. 24.) Plaintiffs responded to that motion on June 5—three days prior to the expiration of the extended service period—yet apparently made no efforts to personally serve Defendant Leska. On June 6, 2018, Plaintiffs attempted to serve Defendant Butler by leaving a copy of the Complaint and summons issued to him with someone at the Glynn County Police Department. (Doc. 30). On June 8, despite not having served Defendant Palmer, Plaintiffs requested an extension of service for three other specific Defendants, but not Defendant Palmer. (Doc. 32.) Defendant Butler filed his Motion on June 14, (doc. 33), and Plaintiffs subsequently filed a response, (doc. 35). After being served on August 13, (doc. 41),

Defendant Palmer filed his Motion to Dismiss on September 10, (doc. 42), to which Plaintiffs responded, (doc. 44).

Although they filed Responses to each Motion addressing these service issues and requested additional time to serve some Defendants, Plaintiffs have made no attempts to show good cause or request any additional time to perfect service on Defendants Leska, Butler, or Palmer. However, as made clear from the legal authority discussed above, the Court must nonetheless consider whether "any other circumstances" warrant the provision of additional time for Plaintiffs to properly serve Defendants Leska and Butler and the provision of a retroactive 67-day extension of time for service on Defendant Palmer. See Lepone-Dempsey, 476 F.3d at 1282

In light of the sequence of events highlighted above, the Court is reluctant, for several reasons, to provide the described extensions. First and foremost, the Court has already given Plaintiffs two extensions of time for service in this case. (Docs. 19, 37.) Next, little more than a quick perusal of Rule 4 and OC.G.A. § 9-11-4 is needed for an attorney to confirm that an individual cannot be effectively served via email alone. Yet, even after receiving and responding to Defendant Leska's motion detailing this error *within the extended service period*, Plaintiffs made no attempt to properly serve Defendant Leska; instead, Plaintiffs simply filed a response arguing that Defendant Leska had not shown any prejudice resulting from the email "service." (Doc. 26.) Moreover, one day after filing their response to Defendant Leska's motion—a motion discussing Rule 4's requirements and Plaintiffs' shortcomings pursuant to the Rule—Plaintiffs neglected to properly serve Defendant Butler in accordance with Rule 4. When the second service deadline approached two days later, Plaintiffs requested additional time to serve *some* of the remaining Defendants, demonstrating that Plaintiffs' counsel was acutely aware of the

deadlines in this case. This knowledge was apparently not enough to motivate total compliance with the rules, as no extension was requested with regard to Defendant Palmer, who was then served 67 days after the extended service period expired. Fortunately for Plaintiffs, however, their repeated failures to comply with their service obligations do not necessarily mandate dismissal and the Court must evaluate whether other circumstances warrant discretionary relief. See Melton, 262 F. App'x at 924.

Taking into consideration the factors that may justify granting an extension even in the absence of a showing good cause, the Court finds that a brief extension of time for service is proper. If the claims against Defendants Leska, Butler, and Palmer were dismissed, there is a risk that "the applicable statute of limitations would bar" Plaintiffs from refiling suit against them.[3] Lepone-Dempsey, 476 F.3d at 1282. Moreover, even if Plaintiffs could refile suit against these Defendants, the case would then proceed in an undesirable piecemeal fashion. Though Plaintiffs' service attempts were legally deficient, they were attempts nonetheless, and Defendants clearly have actual knowledge of the lawsuit (and obtained such knowledge within the first extended period for service). Further, Defendants' active participation indicates that no substantial prejudice will accrue upon them should Plaintiffs be afforded an extension of the Rule 4(m) deadline.[4] Taken in the aggregate, these circumstances justify a discretionary extension for service of process in this case.

---

[3] The statute of limitations for Plaintiffs' claims likely expired in December 2017. O.C.G.A. § 9-3-33; see Reynolds v. Murray, 170 F. App'x, 49, 50 (11th Cir. 2006) (per curiam) (citing Owens v. Ocure, 488 U.S. 235, 236 (1989)) (explaining that 42 U.S.C. § 1983 "has no statute of limitations of its own and instead is governed in each case by the forum state's general personal injury statute of limitations"). However, the Court expresses no ultimate opinion on the issue of timeliness at this time.

[4] Indeed, Plaintiffs have recently conceded that Defendant Butler is entitled to summary judgment in this case. (Doc. 62, p. 18.)

The Court, however, finds it necessary—once again—to address Plaintiffs' counsel's frequent and apparent disregard of Federal Rule of Civil Procedure 4. Despite the Court's repeated reference throughout this Order to the service shortcomings as being those of the "Plaintiffs," the Court is well-aware that service of process is typically handled by a party's attorney. Indeed, service is exactly the type of procedural requirement that frequently underlies a litigant's decision to hire legal counsel rather than proceed *pro se*. Far too often in his cases before this Court, Plaintiffs' counsel has failed to adequately issue service. See, e.g., Orders, Alday v. Groover, 2:12-cv-108, ECF Nos. 19, 21 (S.D. Ga.); Order, Cupp v. United States, 5:12-cv-5, ECF No. 5 (S.D. Ga.); Order, Smith v. Roundtree, 2:15-cv-004, ECF No. 27 (S.D. Ga.). In this case alone, the Court has already given Plaintiffs' counsel leeway regarding his duties under Rule 4 on two separate occasions. (Docs. 19, 37.) The Court is particularly troubled by Plaintiffs' counsel's apparent lack of concern even after an obvious inadequacy (i.e., "service" by email) is called to his attention, as well as his indifference regarding the good cause showings required by Rule 4. This demonstrates a flagrant disregard for the clear and well-established mandates for personal service set forth in Federal Rule of Civil Procedure 4.

By failing to serve defendants in a timely or proper manner and refusing to even attempt to make a good cause showing in satisfaction of Rule 4(m), Plaintiffs' counsel has not only frustrated this Court's interest in the efficient and cost-effective administration of cases but also unfairly prejudiced both Defendants and his clients. In future cases, Plaintiffs' counsel should make every effort to comply with Federal Rule of Civil Procedure 4's deadline for service and should be prepared to make a specific showing of good cause if he is unable to do so, or he will be sanctioned. See, e.g., Donaldson v. Clark, 819 F.2d 1551, 1555–61 (11th Cir.1987) (approving imposition of a monetary sanction under Fed. R. Civ. P. 11 as an appropriate sanction

in the sound discretion of the court, inter alia, to deter costly maneuvers and avoid unnecessary delay and expense in litigation).

## V. Whether to Grant Plaintiffs' Motion to Strike and Motion for Default Judgment as to Defendant Palmer

Defendant Palmer filed his Motion to Dismiss, (doc. 42), and Answer, (doc. 43), on September 10, which was 28 days after Plaintiffs' untimely service upon him. Plaintiffs then filed a Motion to Strike and Motion for Default Judgment, arguing that Defendant Palmer's Motion and Answer were not timely because, under Federal Rule of Civil Procedure 12, he was required to answer or file a motion to dismiss (pursuant to subsection (b) of Rule 12) within 21 days of service. (Doc. 47.) Plaintiffs therefore urge that Palmer's Motion to Dismiss and his Answer should be stricken, and a default judgment should be entered against him. (Id.)

Plaintiff's argument carries patent irony. Plaintiffs' counsel has brazenly disregarded the Federal Rules of Civil Procedure and this Court's Orders throughout this case. However, apparently unaware of the plank in their own eye, Plaintiffs attempt to spot a speck in the eye of their opponent. Plaintiffs served Defendant Palmer 67 days after the Court's deadline (pursuant to a generous extension of time) had expired and Plaintiffs have never requested a retroactive extension of time to make that service timely, much less made any effort to show the requisite good cause for the tardy service. As a result, the Court is authorized to dismiss Plaintiffs' claims against Defendant Palmer pursuant to Rule 4(m), which would negate Plaintiff's Motion to Strike and Motion for Default Judgment. Plaintiffs have instead focused their efforts on seeking to persuade the Court that they deserve a default judgment against Defendant Palmer because he did not file responsive pleadings or motions in conformance with Rule 12's deadline. As an initial matter, Plaintiffs' untimely service upon Defendant Palmer likely did not actually trigger

16

Rule 12's twenty-one-day deadline for filing an answer or motion to dismiss.[5] Moreover, even if the deadline was triggered, Plaintiffs' efforts to obtain a default judgment are in vain.

First, even if Palmer's Motion to Dismiss was technically filed late, Plaintiffs are not entitled to a default judgment. Perhaps unsurprisingly, Plaintiffs have not followed the two-step process for securing a default judgment against a party who has failed to plead or otherwise defend. See Fed. R. Civ. Pro. 55; see also Am. Deli Intern., Inc. v. Jay & Young Group, LLC, No. 1:13-CV-02302-SCJ, 2014 WL 12098959, at *5 (N.D. Ga. Apr. 24, 2014) ("First, a party seeking default must seek a clerk's entry of default pursuant to Rule 55(a) by providing evidence by affidavit or otherwise that the opposing party has failed to plead or otherwise defend. Second, after the clerk has made an entry of default, the party seeking default judgment must file a motion for default judgment under Rule 55(b)(1) or Rule 55(b)(2)." (internal quotations omitted)); 10A Charles Alan Wright et al., Federal Practice and Procedure § 2682 (3d ed. 2002) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Here, Plaintiffs did not request a clerk's entry of default pursuant to Rule 55(a), and no such default has been entered on the docket. Because Plaintiffs failed to obtain a clerk's entry of default prior to filing a Motion for Default Judgment and Defendant Palmer's Motion to Dismiss and Answer were filed prior to any entry of default that could have been made pursuant to Rule 55(a), Plaintiffs' Motion for Default

---

[5] See, e.g., Smith v. Conner, No. 8:12-CV-52-T-30AEP, 2013 WL 268685, at *2 (M.D. Fla. Jan. 24, 2013) ("[T]his Court is aware of [no binding authority], from the United States Supreme Court or the Eleventh Circuit, holding that a motion filed pursuant to [] Rule 12(b)(5) is untimely if made more than 21 days after the party is served with the summons and complaint."); Delahoussaye v. Dantis, No. 95-2010, 1995 U.S. App. LEXIS 9951, at *1 (10th Cir. May 2, 1995) ("Until a defendant is properly served, the defendant has no duty to answer or make other motions.") (citations omitted); Millennium, L.P. v. AutoData Sys., 2006 U.S. Dist. LEXIS 16329, *10 (D.N.J. Jan. 23, 2006) (unpublished) ("While an answer must be filed within 20 days of the filing of a complaint, a pre-answer motion to dismiss under Fed.R.Civ.P. 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and improper service can be made more than 20 days after the complaint is filed.").

17

Judgment must be denied. See Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133–34 (11th Cir. 1986) ("If the defendant has answered the complaint... [the] issue has been joined, and the court cannot enter a default judgment."); Am. Deli Intern., No. 1:13-CV-02302-SCJ, 2014 WL 12098959, at *5–6 ("Because Plaintiffs failed to obtain a clerk's entry of default prior to filing a Motion for Default Judgment and furthermore because Defendants' April 3, 2014 Answer has now been filed prior to any entry of default that could have been made pursuant to Rule 55(a), Plaintiffs' Motion for Default Judgment must be denied."); Skeete v. Entm't Studios Home Entm't, Inc., No. l:10-cv-2709-JEC, 2011 WL 4014459, at *8 (N.D. Ga. Sept. 8, 2011) (observing that a clerk's entry of default judgment under Rule 55(b)(1) "would be void" in light of defendants' responsive pleadings).

Additionally, Plaintiffs are not entitled to default judgment and Defendant Palmer's Motion to Dismiss should not be stricken because the circumstances here satisfy Federal Rule of Civil Procedure 55(c)'s "good cause" standard for setting aside default, the applicable standard where a party seeks a default judgment despite there having been no formal entry of default. Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1137–38 (11th Cir. 2014). There is no indication from the record that Defendant Palmer's filing of the Motion to Dismiss eight days after Rule 12's twenty-one-day deadline (again, assuming that deadline was triggered) resulted from willful conduct, that it was tactically-motivated, or that it evinces a pattern of delay. Additionally, to the extent it was a delay at all, it was insignificant—particularly when compared to Plaintiffs' 67-day delay in serving Defendant Palmer—and has caused no apparent prejudice to Plaintiffs. Thus, even assuming Defendant Palmer's Motion to Dismiss was late, he has shown good cause for such delay. Moreover, the Court is mindful of the Eleventh Circuit Court of Appeals' "strong policy of determining cases on their merits" when reasonably possible. Fla. Physician's Ins. Co.,

Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) (per curiam). Indeed, Plaintiffs have benefited from this policy as the Court has repeatedly excused their counsel's procedural errors in order to reach the merits of Plaintiffs' claims. As a result, to the extent Defendant Palmer's Motion to Dismiss could be deemed untimely filed, the Court hereby retroactively extends the time for its filing.

Accordingly, the Court **DENIES** Plaintiffs' Motion to Strike and Motion for Default Judgment, (doc. 47).

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants Leska, Talbert, Cooper, and Lowther's Motion to Dismiss, (doc. 24), **DENIES** Defendant Butler's Motion to Dismiss, (doc. 33), and **DENIES** Defendant Palmer's Motion to Dismiss, (doc. 42). The Court also **DENIES** Plaintiffs' Motion to Strike and Entry of Default, (doc. 47).

However, the Court **ORDERS** Plaintiffs to file a comprehensive operative complaint entitled "Plaintiffs' Amended Complaint," as outlined in Section I of this Order, **within seven (7) days** of this Order. Plaintiffs are to identify each Defendant by his or her first and last name, including Defendants who did not raise this issue in a motion.

The Court further **ORDERS** Plaintiffs to properly serve Defendant Leska, Defendant Butler, and Defendant Palmer with the Amended Complaint in accordance with Federal Rule of Civil Procedure 4 within **seven (7) days** of Plaintiffs' filing of their Amended Complaint. The Court further **ORDERS** Plaintiffs to file on the docket of this case proof of service as to Defendants Leska, Butler, and Palmer within **seven (7) days** of having served these Defendants. Should Plaintiffs fail to properly serve Defendant Leska, Defendant Butler, or Defendant Palmer and provide proof of service of them as set forth in this Order, the Court will dismiss Plaintiffs' claims against that Defendant.

Finally, as laid out above, the Court finds that the significant errors in this case are due to the actions of Plaintiffs' counsel, not Plaintiffs. Counsel has made errors that can only be attributed to a blatant disregard of the Federal Rules of Civil Procedure and this Court's Orders. While the Court has decided not to sanction Plaintiffs' counsel at this time, counsel's actions should not go unaddressed. Further, the Court is concerned that Plaintiffs are unaware of their attorney's inaction and the resulting delays in the administration of their claims. Consequently, no later than **seven (7) days** from the date of this Order, Plaintiffs' counsel **SHALL CERTIFY** to the Court that he has provided his clients with a copy of this Order and that his clients have acknowledged receipt thereof.

**SO ORDERED**, this 19th day of February, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA