**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ROXANNE KING; and STACY GRADY, individually and as next friend of her three minor children,

    Plaintiffs,

v.

PARKER MARCY, et al.,

    Defendants.

CIVIL ACTION NO.: 2:17-cv-112

## O R D E R

This matter is before the Court on Plaintiffs' Motion for Clarification, (doc. 71), of the Court's February 19, 2019 Order, (doc. 68). Two directives in the February 19, 2019 Order are relevant to Plaintiffs' Motion for Clarification. First, the Court ordered Plaintiffs to file a comprehensive operative complaint that identifies all Defendants by their full names, as Plaintiffs had failed to include the first names of several Defendants in their prior pleadings.[1] (Id. at pp. 8-9.) Notably, the Court emphasized in the Order that "[t]his is not an opportunity for Plaintiffs to assert new claims or name new defendants." (Id. at p. 9.) The Court also held that service on Defendant Butler was insufficient.[2] (Id. at p. 19.) Because Defendant Butler had actual knowledge of the lawsuit and the statute of limitations could bar refiling of the action against him, the Court declined to dismiss Defendant Butler from the case and instead (reluctantly) provided Plaintiffs

---

[1] For example, Plaintiffs identified the Defendant who is the focus of the Motion for Clarification as "Officer ____ Butler."

[2] Plaintiffs left copies of Defendant Butler's Summons and Complaint at the Glynn County Police Department with an officer who was not authorized to accept service on Defendant Butler's behalf.

with an extension of time to fulfill their duty to properly serve Defendant Butler. (Id. at pp. 14, 19.) The Court ordered that both tasks be completed within seven days from the entry of the Order, making the deadline February 26, 2019. (Id. at p. 19.)

On February 26, 2019 (the Court-imposed deadline), Plaintiffs filed a Motion for Clarification. (Doc. 71.) In their Motion, Plaintiffs explain that

> "Eric Butler, who has been deposed [and is actively defending himself in the case] . . . testified that he had nothing to do with the events which are the subject of this action, and the Plaintiffs stated in their response to the Motion for Summary Judgment [filed by Butler and other Defendants] that the record appeared to justify dismissal of Eric Butler."

(Id. at p. 1.) Plaintiffs then state "[a]nother Officer Butler was involved in the subject incident, *but he has never been named or served*." (Id. at p. 2 (emphasis added).) As a result, Plaintiffs claim they "need clarification as to whether the Court intends for the Plaintiffs to name Eric Butler in the Amended Complaint or whether the Court is directing the Plaintiffs to name the correct Glynn County police officer with the 'Butler' surname."[3] (Id. at p. 2.)

In his Motion to Dismiss, Defendant Butler noted that several other officers share his last name. (Doc. 33, p. 1.) Despite having ample opportunity to do so prior to the Court's ruling on Defendant Butler's Motion, Plaintiffs never addressed the existence of or their potential need to add or substitute another Officer Butler. In fact, Plaintiffs have thus far proceeded as if Eric Butler—the individual who has actively participated in the lawsuit by filing motions and sitting for a deposition—was indeed the "Officer ___ Butler" whom they intended to sue all along. Indeed, in their Response to his Motion to Dismiss, Plaintiffs referred to "Eric Butler" as "the Defendant." (Doc. 35.) Though the discovery period has expired and Defendants have filed a

---

[3] Notably, this is the first time Plaintiffs have brought the alleged existence of an "other" Officer Butler to the Court's attention. When the February 19, 2019 Order was entered, the Court was only aware that Plaintiffs did not oppose the entry of summary judgment as to Eric Butler, which the Court noted in a footnote. (Doc. 68, p. 14 n.4.) The Motion for Summary Judgment, (doc. 62), remains pending.

Motion for Summary Judgment, Plaintiffs have not made any efforts to substitute or otherwise add the "other" Officer Butler into this case—that is, until now.

In sum, at the time the Order was entered, Eric Butler was, by all accounts, the intended Defendant "Officer \_\_\_ Butler." Given that context, the Court's February 19, 2019 Order requires Plaintiffs to file a comprehensive complaint which, *inter alia*, identifies Eric Butler by his full name, and the Court is frankly befuddled as to why Plaintiffs need clarification regarding whether the Court was instead directing them to name the "other" Officer Butler as a defendant in this case. Accordingly, the Court **DENIES** Plaintiffs' Motion, (doc. 71).

The Court finds it prudent to, once again, address Plaintiffs' counsel's disregard for the Federal Rules of Civil Procedure, this Court's Local Rules, and general professionalism. Plaintiffs created the opportunity for the very situation in which they now find themselves. The individual they intended to sue was identified in their pleadings only as "Officer \_\_\_\_ Butler," and a copy of the Summons and Complaint addressed to "Officer \_\_\_\_ Butler" was (improperly) left with a third party and it ended up in the hands of Eric Butler. Despite their claim now that Eric Butler was not the intended "Officer \_\_\_ Butler," Plaintiffs have made no effort in the fourteen months since they filed their claim to clarify the specific individual they intended to hold liable (much less have they made any efforts to serve that individual). Furthermore, Plaintiffs' attempt to substitute in a new individual as a defendant at the eleventh hour is the very tactic the Court was seeking to prevent by requiring Plaintiffs to file a comprehensive complaint specifying the first names of each of the officers against whom they have been litigating. Indeed, Plaintiffs' Motion for Clarification appears to be little more than an attempt to circumvent the proper procedures for adding and serving a new defendant. Allowing a different person—one who has not been involved in this action in the year and a half that it has been pending—to be served now—without making the

3

motion and showing required under the Federal Rules of Civil Procedure and this Court's Local Rules—would fly in the face of those Rules and would unjustly allow Plaintiffs to profit from their counsel's indolence. If Plaintiffs wish to have the "other" Officer Butler as a defendant in this case, they must file a motion and make the showings necessary under all applicable Rules.

Finally, Defendant Eric Butler's Motion for Summary Judgment remains pending before the Court and Plaintiffs' statement conceding no liability on Eric Butler's part did not terminate him as a party to this action. As such, Plaintiffs are required to comply with all mandates imposed by Order of the Court and by the Federal and Local Rules as to Defendant Butler. If Plaintiffs do not believe Eric Butler has any liability in this case and do not wish to be burdened by these requirements, they may move to dismiss him as a Defendant as provided by the Federal Rules of Civil Procedure and the Local Rules.

**SO ORDERED**, this 28th day of February, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA